ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| PABLO RIVERA PEÑA<br><br>Recurrido<br><br>v.<br><br>ENERGY HOMES, CORP.<br><br>Peticionario | **KLRA202400437** | *REVISIÓN ADMINISTRATIVA* (se acoge como *certiorari*)[1] procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV09847<br><br>Sobre: Construcción |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Comparece ante este foro, Energy Homes, Corp. (Energy Homes o parte peticionaria) y nos solicita que revisemos tres (3) dictámenes emitidos por el Departamento de Asuntos del Consumidor (DACo) y por el Tribunal de Primera Instancia, Sala Superior de San Juan. La primera revisión es el *Relevo de Resolución* dictado por el DACo el 10 de julio de 2024, mediante el cual denegó la moción para declarar nula su resolución, presentada por la parte peticionaria. La segunda solicitud de revisión es una *Orden* notificada el 9 de julio de 2024, mediante la cual el foro *a quo* declaró *Ha Lugar* la solicitud de ejecución de sentencia y demanda instada por el Sr. Pablo Rivera Peña (señor Rivera o recurrido). Finalmente, solicitó la revisión de la

---

[1] Evaluado el recurso de revisión administrativa, el mismo se acoge como un recurso de *certiorari*, debido a que el peticionario recurre de una *Resolución* y *Orden*, ambas emitidas por el Tribunal de Primera Instancia. Sin embargo, para fines administrativos, mantenemos la numeración alfanumérica del presente recurso.

*Orden* notificada el 22 de julio de 2024, por el foro primario, quien denegó la moción presentada por la parte peticionaria solicitando la nulidad de la resolución del Departamento de Asuntos del Consumidor (DACo), consecuentemente ordenó la continuación de la ejecución de sentencia, so pena de desacato.

Por los fundamentos que se exponen a continuación, resolvemos **DENEGAR** la expedición del auto de *certiorari*.

## I.

El 19 de octubre de 2023, el señor Rivera presentó una *Petición para hacer cumplir Orden del DACo*.[2] En esencia, sostuvo que el 3 de abril de 2019 radicó una *Querella* ante el DACo, al cual le asignaron el número de querella SAN-2019-0004652, sobre nulidad de contrato de obra de construcción, incumplimiento de obra, daños y perjuicios, entre otros, contra Energy Homes. Esbozó que, el 7 de diciembre de 2022, el DACo emitió una *Resolución* declarando *Ha Lugar* la *Querella* y ordenó a la parte peticionaria a pagar la cantidad de $12,238.00, más el interés legal correspondiente.[3] Asimismo, indicó que el 6 de febrero de 2023, el DACo dictó una *Resolución en Reconsideración*, mediante la cual reiteró su decisión, por lo que, denegó la solicitud de reconsideración de Energy Homes. Añadió que, el 8 de marzo de 2023, la parte peticionaria presentó un recurso de revisión ante este Foro, al cual le asignaron el número KLRA202300113. El 17 de agosto de 2023, un panel hermano dictó *Sentencia* confirmando la decisión del DACo.[4] Arguyó que, la parte peticionaria no apeló la

---

[2] *Petición Para Hacer Cumplir Orden del DACO*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] *Resolución*, anejo V, págs. 15-26 del apéndice del recurso.
[4] *Sentencia*, anejo VI, págs. 27-47 del apéndice del recurso.

decisión ante el Tribunal Supremo, por lo que, la *Resolución* del DACo es final y firme. Finalmente, le solicitó al foro primario que ordenara a Energy Homes a realizar el pago de lo ordenado por el DACo.

El 20 de octubre de 2023, el foro primario notificó una *Orden de Mostrar Causa* a la parte peticionaria, por la cual no debía dictar *Sentencia* en su contra por el incumplimiento a la *Resolución* del DACo.[5]

Luego de varias incidencias procesales, el 8 de enero de 2024, el foro primario notificó una *Sentencia*.[6] Mediante la cual dispuso que, habiendo transcurrido el término para que la parte peticionaria mostrara causa por la cual no debía dictar sentencia, y ante su incomparecencia, declaró *Ha Lugar* la petición presentada por el señor Rivera. Por consiguiente, confirmó la *Resolución* emitida por el DACo, además de imponerle el pago de $500.00 por honorarios de abogado.

El 21 de febrero de 2024, Energy Homes compareció mediante *Moción para declarar Nula la Resolución del DACo al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil*.[7] En síntesis, alegó que la *Resolución* del DACo era nula, puesto que, conforme a las ordenes ejecutivas emitidas por el Gobernador de Puerto Rico, tras el paso del Huracán María, éstos estaban exentos de tener que registrarse en el Registro de Contratistas conforme al Reglamento 8172 del 19 de marzo de 2012. Por ello, solicitaron remedios bajo la Regla 49.2 de las Reglas de Procedimiento Civil para reclamar relevo de la *Resolución* del DACo.

---

[5] *Orden de Mostrar Causa*, entrada núm. 3 en SUMAC.
[6] *Sentencia*, entrada núm. 23 en SUMAC.
[7] *Moción para declarar Nula la Resolución del DACo al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil*, anejo XIII, págs. 68-72 del apéndice del recurso.

El 22 de febrero de 2024, el foro primario notificó una *Orden*, en la cual indicó "nada que proveer. Obra Sentencia".[8]

Posteriormente, el 3 de junio de 2024, el recurrido presentó una *Moción Enmendada Interesando Ejecución de Sentencia*.[9] Solicitó que la ejecución de la sentencia en contra de Energy Homes sea por el pago de $14,578.72, debido a que hubo un cambio en el interés legal aplicable a la orden de pago.

El 3 de junio de 2024, el foro primario notificó dos (2) dictámenes. El primero, una *Orden* mediante la cual indicó que la notificación de *Sentencia* había sido devuelta, por ello, no había advenido final y firme.[10] Posteriormente, mediante *Resolución* denegó la moción al amparo de la Regla 49.2 de Procedimiento Civil, instada por Energy Homes.[11]

El 4 de junio de 2024, Energy Homes presentó una *Moción de Reconsideración a Sentencia del 8 de enero del 2024, y Orden del 3 de junio del 2024; y Solicitud de Determinaciones de Hecho y de Derecho al Amparo de las Reglas 43.4 y 43.5 de Procedimiento Civil.*[12] Arguyó que, el DACo tenía pendiente una solicitud de nulidad de su resolución, la cual no había atendido. Así pues, alegó que sería una violación al debido proceso de ley el impedir que agoten todos los remedios procesales disponibles ante una resolución que entienden es nula.

---

[8] *Orden*, entrada núm. 26 en SUMAC.
[9] *Moción Enmendada Interesando Ejecución de Sentencia*, entrada núm. 32 en SUMAC.
[10] *Orden*, entrada núm. 37 en SUMAC.
[11] *Resolución*, entrada núm. 38 en SUMAC.
[12] *Moción de Reconsideración a Sentencia del 8 de enero del 2024, y Orden del 3 de junio del 2024; y Solicitud de Determinaciones de Hecho y de Derecho al Amparo de las Reglas 43.4 y 43.5 de Procedimiento Civil*, entrada núm. 39 en SUMAC.

No obstante, el foro primario denegó la moción de reconsideración.[13]

El 9 de julio de 2024, el señor Rivera presentó *Moción Enmendada Interesando Ejecución de Sentencia*.[14] Mediante la cual reiteró su interés en ordenar la ejecución de la sentencia en contra de la parte peticionaria, por la cantidad de $14,675.60.

En la misma fecha, el foro *a quo* notificó una *Orden*, en la cual declaró *Ha Lugar* la solicitud de ejecución de sentencia y demanda.[15] Por consiguiente, ordenó el embargo de bienes muebles e inmuebles de Energy Homes, que fueran suficientes para cubrir la suma de $14,675.60.

El 22 de julio de 2024, Energy Homes presentó *Urgente Moción Solicitando Orden Declarando la Nulidad de Resolución del DACo y Solicitud de Orden Autorizando Deposito de Fianza*.[16] En síntesis, reiteró la nulidad de la *Resolución* emitida por el DACo, por ello, solicitó se ordenara al DACo a celebrar una vista evidenciaria, y en la alternativa, aceptara la prestación de la fianza por $15,000.00 para garantizar el pago de la *Resolución* del DACo.

Sin embargo, el foro primario, mediante *Orden* dispuso lo siguiente:

> NO HA LUGAR. Cumpla con la Orden emitida anteriormente, relacionada a los procedimientos al amparo de la Regla 51.4 de Procedimiento Civil, so pena de desacato. Advertimos que la Sentencia emitida en el caso de autos es final, firme e inapelable.

---

[13] *Resolución*, entrada núm. 40 en SUMAC.
[14] *Moción Enmendada Interesando Ejecución de Sentencia*, entrada núm. 41 en SUMAC.
[15] *Orden*, anejo III, págs. 5-6 del apéndice del recurso.
[16] *Urgente Moción Solicitando Orden Declarando la Nulidad de Resolución del DACo y Solicitud de Orden Autorizando Deposito de Fianza*, anejo XVIII, págs. 109-120 del apéndice del recurso.

Aún inconforme, el 8 de agosto de 2024, la parte peticionaria presentó el recurso de epígrafe, mediante el cual sostuvo los siguientes señalamientos de errores:

> Erró el DACO al crear de forma *ultra vires* una regla cuya aplicación era inexistente al momento de los hechos y fallar en acatar las ordenes ejecutivas 2017-OE-053 y 2018-OE-023, y anular el contrato entre las partes, negar los remedios disponibles gracias a la contratación, incluyendo dar cumplimiento al contrato, y mitigar los daños, reclamados.

> Erró el DACO al crear de forma *ultra vires* al usurpar los derechos constitucionales y legales otorgado al poder ejecutivo mediante la autorización legal de emitir ordenes ejecutivas en tiempos de emergencia declarada.

> Erró el TPI al no dedicar tiempo suficiente para analizar la moción de nulidad por los mismos fundamentos que presentamos al DACO y no paralizar el procedimiento de ejecución aun prestando una fianza que cubría la totalidad de la deuda reclamada por la parte recurrida-querellante al momento de radicar la moción.

> Erró el DACO y TPI al concluir que la parte recurrente-querellado no tiene derecho a solicitar la nulidad de una sentencia o resolución por el mero hecho del transcurso del tiempo cuando el Honorable Tribunal Supremo ya resolvió en el caso de *López García v. López García, supra,* que tanto el TPI como el DACO, no tienen discreción para obviar nuestra solicitud para declarar nula la resolución del 7 de diciembre del 2022, especialmente cuando bajo una reclamación de nulidad no le es aplicación el término de seis (6) meses para presentar el remedio.

> Erró el TPI y el DACO al abusar de su discreción al no especificar las razones de hecho y derecho para atender nuestra solicitud de nulidad en contravención a lo resuelto en el caso de *López García v. López García, supra.*

> Erró el TPI y el DACO al no considerar la Regla 49.2 de las [sic] Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.49.2.

Asimismo, el 9 de agosto de 2024, la parte peticionaria presentó una *Moción Urgente en Auxilio de Jurisdicción Solicitando la Paralización de los*

*Procedimientos en el Tribunal de Primera Instancia Bajo la Regla 35 (A)(3)(a)*. En la misma fecha emitimos una *Resolución* mediante la cual declaramos *No ha lugar* la solicitud de auxilio por incumplir con el requisito de notificación simultánea, establecido en la Regla 79(E) de nuestro Reglamento.

Ante esto, el 15 de agosto de 2024, Energy Homes presentó nuevamente la moción en auxilio de jurisdicción. No obstante, al día siguiente emitimos una *Resolución* en la cual declaramos *No ha lugar* a la misma.

Por su parte, el 16 de agosto de 2024, el señor Rivera presentó *Memorando en Oposición a Expedición de Recurso de Certiorari y Solicitud de Desestimación por Falta de Jurisdicción*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

## II.

## -A-

La aplicación más común de la doctrina de cosa juzgada o *res judicata* conlleva que la sentencia dictada, en un pleito anterior, impida que se litiguen, en un pleito posterior entre las mismas partes y sobre la misma causa de acción, las cuestiones ya litigadas y adjudicadas y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior. *Mun. de San Juan v. Bosque Real, S.E.,* 158 DPR 743, 769 (2003); *Acevedo v. Western Digital Caribe, Inc.,* 140 DPR 452, 464 (1996). Ahora bien, para que se active la presunción de cosa juzgada, es necesario que concurra "la más perfecta identidad entre las cosas, las causas,

las personas de los litigantes y la calidad con que lo fueron." 31 LPRA sec. 3343.

En el ámbito administrativo, la doctrina de cosa juzgada puede plantearse en tres vertientes: (1) dentro de la misma agencia; (2) interagencialmente, es decir, de una agencia a otra; y (3) entre las agencias y los tribunales. *Mun. de San Juan v. Bosque Real, S.E.,* supra*; Pagán Hernández v. UPR,* 107 DPR 720 (1978). Ahora bien, en cualquiera de estas vertientes, para que prospere la defensa de cosa juzgada, es requisito, además, que: i) la sentencia o resolución dictada en el primer pleito haya sido emitida por una agencia con jurisdicción; ii) la agencia haya actuado en una capacidad judicial (adjudicativa) donde resuelva las controversias ante sí, y iii) las partes hayan tenido una oportunidad adecuada para litigar. *Pagán Hernández v. UPR*, supra, pág. 734; *Rodríguez Oyola v. Machado Díaz*, 136 DPR 250 (1994); *Vázquez v. Administración de Reglamentos y Permisos*, 128 DPR 513 (1991).

La aplicación por los tribunales de la doctrina de cosa juzgada, en el campo administrativo, es flexible y depende de la naturaleza de la cuestión que se plantea en el ámbito judicial. Así, cuando la naturaleza de lo planteado en el foro administrativo es distinta a la dilucidada en el recinto judicial, lo razonable es no aplicar la doctrina de cosa juzgada. *Rodríguez Oyola v. Machado Díaz*, supra, pág. 254.

En el contexto judicial-administrativo, el foro judicial debe aplicar dicha doctrina cuando las razones para ello estén presentes con toda su fuerza, modificarla, cuando sean necesarias algunas alteraciones, y rechazarla cuando las razones en contra

de su aplicación sean de mayor peso que aquellas a su favor. *Pagán Hernández v. UPR*, supra.

-B-

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual, un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* supra.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari*, cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez*, supra. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG,* 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478 (2019), citando a *Mun. de*

*Caguas v. JRO Construction*, supra; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2017).

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra*, establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra.

Como puede observarse, la precitada Regla no contempla los dictámenes posteriores a la sentencia, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra. En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha discreción del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un *certiorari*, no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG,* supra; *Mun. de Caguas v. JRO Construction*, supra. A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra*, establece los criterios que deberán ser considerados, al determinar si procede o no expedir un auto de certiorari. Véase, *Mun. de Caguas v. JRO Construction*, supra, pág. 712. Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como ya indicamos, los criterios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres*

*Ghigliotty,* 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

-C-

Los tribunales pueden discrecionalmente relevar a una parte de los efectos de una sentencia, orden o procedimientos por las razones definidas en la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2; *Pérez Ríos y otros v. Luma Energy, LLC*, 2023 TSPR 136, resuelto el 16 de noviembre de 2023. Las razones que provee la referida Regla son las siguientes: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (d) nulidad de sentencia; (e) la sentencia fue satisfecha o renunciada; la sentencia anterior en la cual se fundaba fue revocada o dejada sin efecto; no sería equitativo que la sentencia continúe en vigor; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de las Reglas de Procedimiento Civil, *supra*.

El objetivo de la Regla 49.2 de Procedimiento Civil, *supra*, es proveer un mecanismo post sentencia que impida que los fines de la justicia se vean frustrados mediante tecnicismos y sofisticaciones. *Pérez Ríos y otros v. Luma Energy, LLC,* supra. De ordinario, la

determinación de relevar a una parte de los efectos de una sentencia depende de la discreción del foro sentenciador, salvo cuando se trate de un dictamen nulo -por haberse dictado sin jurisdicción o en violación al debido proceso de ley- o cuando la sentencia ha sido satisfecha. *Íd.*

Como se sabe, la persona que se ampara en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra*, debe aducir al menos de una de las razones antes enumeradas. *HRS Erase v. CMT*, 205 DPR 689, 697 (2020). Asimismo, la existencia de una buena defensa, más algunas de las razones antes mencionadas, deben inclinar la balanza a favor de conceder el relevo. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540-541 (2010). No obstante, el relevo no se puede conceder si le ocasiona perjuicio a la parte contraria o si se alegan cuestiones sustantivas que debieron ser formuladas mediante solicitud de reconsideración a una apelación. *Íd.*, pág. 541. Tampoco procede el relevo de sentencia a favor de un promovente que no haya sido diligente en la tramitación del caso. *Neptune Packaging Corp. v. Wackenhut Corp.,* 120 DPR 283, 292 (1988).

Respecto al término en el cual se debe presentar una moción de relevo, el texto de la Regla 49.2 de Procedimiento Civil, *supra*, es categórico en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." Ahora bien, nuestro Tribunal Supremo aclaró que, el referido plazo es inoperante ante una sentencia nula. *Pérez Ríos y otros v. Luma Energy, LLC,*

supra. Cabe señalar que, una moción de relevo de sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración. *Piazza Vélez v. Isla del Río, Inc.,* 158 DPR 440, 449 (2003).

### III.

En el caso de autos, Energy Homes presentó seis (6) señalamientos de error, estos dirigidos a los dictámenes emitidos tanto por el DACo, como por el foro primario. Respecto a los primeros dos (2) señalamientos de error, van dirigidos a la actuación del DACo sobre la *Resolución* emitida el 7 de diciembre de 2022. En esencia, la parte peticionaria aduce que la *Resolución* emitida por el DACo es nula porque no acató las ordenes ejecutivas, y procedió a anular el contrato entre las partes.

Conforme al derecho antes reseñado, la doctrina de cosa juzgada surte en el ámbito administrativo el mismo efecto que en la esfera judicial. Es decir, la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior.

En el presente caso, ya la parte peticionaria había acudido ante este Foro, y el 17 de agosto de 2023, un panel hermano dictó *Sentencia* confirmando la decisión del DACo, por la cual, Energy Homes acude nuevamente. Es forzoso concluir que, es de aplicación la doctrina de cosa juzgada puesto que existe una sentencia final y firme en sus méritos. Por tanto, no tenemos jurisdicción para considerar los errores que la parte peticionaria levanta contra el DACo.

En cuanto a los demás señalamientos de error, la parte peticionaria, en esencia, sostiene que incidió el foro primario y el DACo al no atender la solicitud de nulidad bajo la Regla 49.2 de Procedimiento Civil, *supra*.

No obstante, tras analizar los documentos presentados por las partes, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, concluimos que las determinaciones impugnadas no denotan un abuso de discreción por parte del foro primario. Tampoco se desprende que el dictamen recurrido sea irrazonable, arbitrario, o que muestre elementos de prejuicio o error en la aplicación de la norma jurídica.

Por lo tanto, al no haberse acreditado razones que justifiquen nuestra intervención con las determinaciones por las que la parte recurre, ni estar presentes ninguna de las instancias que establece la Regla 40 de nuestro Reglamento, *supra*, procede denegar el auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones